UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CALVIN S. WEDINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. FEDERAL GOVERNMENT, AND ITS AFFILIATED AND SUBSIDIARY ORGANIZATIONS, AGENCIES, OFFICIALS, AND REPRESENTATIVES, DR. ORLANDO MALDONADO, DR. JOHN McKENZIE, DR. STANTON, and FERNANDO ARRIOLA,<br><br>    Defendants. | Civil No. 09-889 (JRT/FLN)<br><br>**REPORT AND RECOMMENDATION** |

    Plaintiff, a prisoner at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"), commenced this action by filing a complaint in the United States District Court for the District of Columbia. The case was transferred to this District, because Plaintiff and the named Defendants are located in Minnesota. (See Order dated March 16, 2009; [Docket No. 3].)

    Plaintiff did not pay the $350 filing fee required for this action, (see 28 U.S.C. § 1914(a)), but instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated April 27, 2009, (Docket No. 5), Plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid an initial partial filing fee of $5.44, as required by 28 U.S.C. § 1915(b)(1).

    Plaintiff recently paid his initial partial filing fee, (Docket No. 6), and thus the matter is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a

Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed pursuant to § 1915A.

**I. BACKGROUND**

Plaintiff is serving a life sentence that was imposed in 1982, following his federal criminal conviction for second degree murder. In 2005, the United States initiated an action in this District, pursuant to 18 U.S.C. § 4245, seeking to have Plaintiff hospitalized and treated for mental illness. United States v. Wedington, Civil No. 05-767 (DSD/SRN) (D.Minn. 2005),[hereafter "the § 4245 case"]. In the § 4245 case, the Court formally determined and adjudicated that Plaintiff suffers from a mental disease or defect requiring medical care and treatment, and that he should be detained in a facility where such care and treatment could be provided.[1] At the conclusion of the § 4245 case, the Court ordered that Plaintiff be "committed to the custody of the Attorney General of the United States pursuant to 18 U.S.C. § 4245 for hospitalization and treatment until [Plaintiff] is no longer in need of such custody for care and treatment, or until the expiration of the sentence of imprisonment, whichever occurs earlier."[2] Plaintiff did not appeal that order.

It appears that Plaintiff has been detained at FMC-Rochester since the final hospitalization and treatment order was entered in the § 4245 case in June 2005. During

---

[1] A Report and Recommendation in the § 4245 case was filed by Magistrate Judge Susan Richard Nelson on May 26, 2005. That Report and Recommendation, which provides additional information about the § 4245 case, is accessible at 2005 WL 1270915.

[2] According to a website maintained by the Federal Bureau of Prisons, ("www.bop.gov"), Plaintiff's projected release date is February 20, 2012.

his confinement at FMC-Rochester, Plaintiff apparently has been receiving treatment from a team of mental health care professionals.

Plaintiff is now attempting to sue several of his health care providers at FMC-Rochester – Dr. Orlando Maldonado, a psychiatrist, Dr. John McKenzie, a psychologist, Dr. Stanton, the "Chief Psychiatrist" at FMC-Rochester, and Fernando Arriola, "Associate Warden Medical" at FMC-Rochester. The "Statement of Claim" section of Plaintiff's complaint, repeated verbatim and in its entirety, states that:

> "Each Defendant is involved mainly psych/psychcogist [sic] are the one's [sic] that cancell [sic] 4245's Title 18 committments [sic]. I have even asked the original doctor a Daniel Shine Jr. who was at court hearing June 6, 2005. This hearing amounted to nothing more than a committment [sic] without jurisdiction. This is my second Title 18 USC 3624 (C) release.
>
> Defendants are the power prymid [sic] each other's boss up to the Warden. See attached attempt at resolvent [sic] this issue of getting a drug order cancelled 767CV05."

(Complaint, [Docket No. 1], p. 5.)

There are three pages of exhibits attached to the complaint, which suggest that Plaintiff is dissatisfied with the medical treatment that he has been receiving at FMC-Rochester. It appears that he is particularly unhappy about some of the medications that have been prescribed to treat his condition. He has asked his health care providers to assign some new doctors to treat him, apparently with the hope that they might prescribe some different medications for him.

It is unclear what Plaintiff is attempting to accomplish in the present lawsuit. The meager allegations in his complaint seem to suggest that he wants a court order that would compel his health care providers to assign him to a new team of doctors who would (he hopes) prescribe some different medications for him. However, the "RELIEF" section of

3

the complaint does not mention Plaintiff's doctors or his medications. Instead, that section of the complaint indicates that Plaintiff "want[s] a court order dismissing 767CV05," (presumably a reference to the § 4245 case), because that "committment [sic] was made without the court having jurisdiction." (Complaint, p. 6.) The "RELIEF" section of the complaint also includes unexplained references to the "Second Chance Act," and to Plaintiff's original 1982 criminal conviction.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his complaint must undergo preliminary screening pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"), requires federal courts to review the pleadings in every prisoner civil action against governmental entities and employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

To state an actionable claim for relief, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to a judgment against the defendant(s) under some cognizable legal theory. While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"); Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (federal

courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

To state an actionable civil rights claim, as Plaintiff apparently is attempting to do here, a complaint must allege facts showing that each named defendant was personally involved in some alleged violation of the claimant's federal constitutional rights. Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (to state an actionable civil rights claim, a complaint must describe what, specifically, each named defendant did, or failed to do, that allegedly violated the claimant's constitutional rights); Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (civil rights claimants must plead facts showing the defendant's personal involvement in alleged constitutional wrongdoing). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same).

Here, Plaintiff has not pleaded an actionable civil rights claim because his complaint does not allege any violation of his constitutional rights. Indeed, the Court finds no reference to the federal Constitution in Plaintiff's complaint, nor does the complaint cite any other legal basis for Plaintiff's lawsuit. Furthermore, the complaint does not describe anything that any Defendant personally did, (or failed to do), that could be viewed as a violation of Plaintiff's federal constitutional rights.

It is conceivable, (but by no means certain), that Plaintiff might be trying to sue Defendants for violating his rights under the Eighth Amendment to the Constitution. However, he has clearly failed to plead an actionable Eighth Amendment claim. Even with the benefit of an extremely liberal construction, Plaintiff's complaint alleges only that some

5

unidentified health care providers at FMC-Rochester have not prescribed the medications that he thinks are best-suited for his medical needs. In other words, Plaintiff has alleged, at most, simply that he disagrees with the medical treatment that has been prescribed by his health care providers at FMC-Rochester. It is well-settled, however, that a prisoner's "disagreement as to the proper course of [medical] treatment... is not actionable under the Eighth Amendment." Vaughan v. Lacey, 49 F.3d 1344, 1346 (8th Cir. 1995), citing Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir.1990). Thus, the Court finds that Plaintiff has not pleaded any actionable claim for relief under the Eighth Amendment.[3]

The "RELIEF" section of the present complaint seems to suggest that Plaintiff might not be challenging the propriety of his current medical care, but rather, he might be asking this Court to review and vacate the hospitalization and treatment order previously entered in the § 4245 case. That cannot be done here, however, as this Court has no authority to review and overturn a judgment entered in a prior case. Furthermore, Plaintiff has not offered any factual or legal grounds for setting aside the judgment entered in the § 4245

---

[3] The Court has also considered whether Plaintiff has pleaded an actionable medical malpractice claim under the Federal Tort Claims Act, ("FTCA"). Clearly, he has not. First, Plaintiff has not alleged that any of the named Defendants has treated his medical needs negligently. Second, Plaintiff has not shown that he has fully pursued the specific administrative remedies prescribed for FTCA claims, which he must do before attempting to bring an FTCA claim in federal court. See Sanders v. United States, 760 F.2d 869, 872 (8th Cir. 1985) ("[t]he timely filing of an administrative claim and exhaustion of administrative remedies are jurisdictional prerequisites to suit under the [FTCA]"). Third, Plaintiff has made no effort to satisfy the statutory prerequisites for bringing an FTCA medical malpractice claim in Minnesota. See Oslund v. United States of America, 701 F.Supp. 710 (D.Minn. 1988) (a plaintiff who attempts to bring an FTCA claim for medical malpractice in Minnesota must comply with the requirements of Minn.Stat. § 145.682); Bellecourt v. United States, 784 F.Supp. 623 (D.Minn. 1992), aff'd, 994 F.2d 427 (8th Cir. 1993), cert. denied, 510 U.S. 1109 (1994) (same). Thus, the Court finds that Plaintiff definitely has not pleaded an actionable FTCA malpractice claim.

case.[4]  It is likewise self-evident that Plaintiff cannot challenge the validity of his 1982 criminal conviction in the current civil lawsuit.  The federal habeas corpus statutes, specifically 28 U.S.C. §§ 2241 and 2255, provide the only available means for mounting a collateral attack against a federal criminal conviction or sentence.  And, in any event, the complaint does not identify any factual or legal grounds for setting aside Plaintiff's 1982 conviction.

## III.  CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's complaint does not state any legally cognizable cause of action against any of the named Defendants in this case.  The Court will therefore recommend that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b).

The Court will also recommend that Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350 filing fee.[5]  To date, he has paid only $5.44, so he still owes $344.56.

---

[4]  If Plaintiff believes that he should be discharged from the hospitalization and treatment order entered in the § 4245 case, then it might be possible to file a motion in that case asking the Court to re-appoint counsel to represent him, for the purpose of bringing a discharge motion under 42 U.S.C. § 4247(h).  See Archuletta v. Hedrick, 365 F.3d 644, 648-49 (8th Cir. 2004) (federal inmate confined after being found not guilty by reason of insanity might be able to invoke the discharge remedy provided by § 4247(h), and qualify for appointment of counsel, in the court that committed him) (citing United States v. Budell, 187 F.3d 1137 (9th Cir. 1999)).  However, based on Plaintiff's current submissions, it appears doubtful that he would have any viable grounds for seeking relief under § 4247(h).

[5]  Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action.  However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."  In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they

Prison officials will have to deduct that amount from Plaintiff's institutional trust account, and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, it will be recommended that the dismissal of this action count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

**IV. RECOMMENDATION**

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $344.56, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: May 27 , 2009

     s/ *Franklin L. Noel*
     FRANKLIN L. NOEL
     United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 15, 2009**, written objections which specifically identify the portions of the proposed findings or

---

still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.