# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CALVIN S. WEDINGTON, | Civil No. 09-889 (JRT/SRN) |
| Plaintiff, | |
| v. | |
| U.S. FEDERAL GOVERNMENT,<br>DR. ORLANDO MALDONADO,<br>DR. JOHN MCKENZIE,<br>DR. STANTON; and<br>Associate Warden FERNANDO ARRIOLA, | **ORDER ON REPORT<br>AND RECOMMENDATION** |
| Defendants. | |

Calvin S. Wedington, #18915-037, FMC, PMB 4000, Rochester, Minnesota 55903, plaintiff *pro se*.

This case is before the Court on plaintiff Calvin S. Wedington's objection to a Report and Recommendation issued by United States Magistrate Judge Franklin L. Noel on May 27, 2009. After a *de novo* review of Wedington's objections to the recommendations of the Magistrate Judge, *see* 28 U.S.C. § 636(b); Local Rule 72.2(b), the Court overrules Wedington's objections and adopts the Report and Recommendation in part and rejects it in part for the reasons set forth below.

## BACKGROUND

Wedington has been incarcerated since 1982. During that incarceration, Wedington has suffered from schizophrenia, and on three occasions between 1987 and 2003 he was determined to be in need of involuntary treatment. *United States v.*

*Wedington*, No. 05-767, 2005 WL 1270915, at *1 (D. Minn. May 26, 2005). In December 2004, Wedington began to refuse treatment for his schizophrenia and also frequently refused evaluation and treatment of his diabetes and hypertension. *Id*. After he was transferred to the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester") in March 2005, Wedington became argumentative, and variously asserted (1) he was a medical officer, surgeon, psychiatrist, pilot, and U.S. Marshal; (2) three facilities where he had resided, including FMC-Rochester, had been destroyed; (3) he did not have diabetes, and that his diabetes treatment was part of an experiment by a Czechoslovakian general; and (4) his body had been blown apart but had been sewn back together without any signs of scars. *Id*. at *2. Wedington also continued to refuse treatment.

The United States subsequently filed a petition under 18 U.S.C. § 4245, asking a court to conclude that Wedington is suffering from a mental disease or defect; that he is in need of custody for care and treatment; and that FMC-Rochester is a suitable facility for providing that treatment. On June 2, 2005, after a hearing before a Magistrate Judge, the court granted the petition and ordered Wedington committed to the custody of the Attorney General of the United States "until [Wedington] is no longer in need of such custody for care and treatment, or until the expiration of the sentence of imprisonment, whichever occurs earlier." *Id*. at *5. Wedington remains in custody and under treatment at FMC-Rochester.

On March 24, 2009, Wedington filed this action against the United States and against numerous doctors and officials at FMC-Rochester. The "Statement of Claim" portion of Wedington's complaint states:

> Each defendant is involved mainly psych/psychcogist [sic] are the one's that cancell [sic] 4245's Title 18 commitments. I have even asked the original doctor a Daniel Shine Jr. who was at the court hearing June 6, 2005. This hearing amounted to nothing more than a committment [sic] without jurisdiction. This is my second Title 18 U.S.C. 3624(c) release.
>
> Defendants are the power prymid [sic] each other's boss up to the Warden. See attached attempt at resolvent [sic] this issue of getting a drug order cancelled 767CV05.

(Compl., Docket No. 1.) In the relief portion of his complaint, Wedington asks the Court to vacate his 2005 commitment to FMC-Rochester, with specific reference to the case number of the action in which that commitment was ordered. (*Id.*)

The Magistrate Judge performed an initial screening of Wedington's complaint under 28 U.S.C. § 1915A, and determined that it failed to state a claim upon which relief can be granted. The Magistrate Judge reached this conclusion after considering whether Wedington properly stated (1) a civil rights claim; (2) a claim under the Eighth Amendment; (3) a medical malpractice claim; or (4) a valid claim to overturn the commitment order issued in 2005. Thus, the Magistrate Judge recommended that this action be dismissed. Wedington now objects to that recommendation.

## ANALYSIS

In cases in which a prisoner sues the federal government or its employees, the Court is required to review the complaint "as soon as practicable after docketing." 28 U.S.C. § 1915A(a). If the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or that it "seeks monetary relief from a defendant who is immune from such relief," the complaint must be dismissed. 28 U.S.C. § 1915A(a)-(b).

Here, the Court agrees with the Magistrate Judge that this action should be dismissed. Wedington's complaint and objections plainly indicate that the purpose of this action is to vacate his 2005 commitment order.[1] As the Magistrate Judge explained, however, such motions must be filed with the court that initially issued the disputed order. *See* 18 U.S.C. § 4247(h). This Court has now received notice that Wedington has sought to begin such proceedings before the court that ordered his commitment, and that he is being assisted in those efforts by an attorney. *See United States v. Wedington*, No. 05-767 (D. Minn. June 25, 2009) (order appointing counsel). That is the appropriate avenue for Wedington to seek relief, and the Court therefore agrees with the Magistrate Judge that this action should be dismissed.[2]

The Court disagrees, however, with the Magistrate Judge's recommendation that this action should count as a "strike" pursuant to 28 U.S.C. § 1915(g). Section 1915(g) limits prisoners' rights to seek legal relief where they have, on three or more prior occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted." 28 U.S.C. § 1915(g). Here, as explained above, Wedington stated a valid claim for legal relief; he merely failed to successfully navigate the jurisdictional

---

[1] Specifically, Wedington's objection includes a section entitled "Relief," stating "[t]he relief plaintiffs seeks is freedom from YOU and white people messing with my brain without tests or brain scans being done." (Docket No. 8, at 2.) The section adds a request "to overturn 767CV05 with injunction against those versed in caption to halt their practices of unwanted, un-needed (sic) forced medicines." (*Id.*) To the extent that Wedington sought to allege additional legal claims beyond his request to overturn the commitment order – which is by no means clear – the Court agrees with the Magistrate Judge that he has failed to state a claim upon which relief can be granted.

[2] To be clear, the Court offers no position on the merits of Wedington's motion under § 4247.

subtleties that apply when patients seek to vacate commitment orders.  In light of his *pro se* status and his apparent schizophrenia, it would be wholly inappropriate for such a mistake to contribute to limiting Wedington's future access to the justice system.

In addition, because requests for relief from § 4245 commitment orders ordinarily do not require filing fees – and because Wedington's complaint and objections clearly demonstrate that this was the type of relief he was seeking – the Court concludes that it is inappropriate to hold Wedington responsible for the $350 filing fee required in new cases.  Accordingly, no additional payments should be collected to cover the filing fee in this action, and any amounts previously paid to the Court should be refunded.

**ORDER**

Based upon the foregoing, all the files, records and proceedings herein, the Court **OVERRULES** plaintiff Wedington's objections [Docket No. 8] and **ADOPTS in part and REJECTS in part** the Report and Recommendation of the Magistrate Judge dated May 27, 2009 [Docket No. 7].  Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court **ADOPTS** the Report and Recommendation as follows:

    a. Plaintiff's application to proceed *in forma pauperis*, [Docket No. 2] is **DENIED**; and

    b. This action is **DISMISSED**.

2. The Court **REJECTS** the Report and Recommendation to the extent that it recommends counting this action as a "strike" for the purposes of 28 U.S.C. § 1915(g) and to the extent that it recommends requiring Wedington to pay the balance of his filing fee.

**IT IS HEREBY FURTHER ORDERED** that:

3. The Clerk of Court is **DIRECTED** to refund any payments previously collected from plaintiff Wedington to cover the filing fee in this action.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 4, 2009                  ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                       JOHN R. TUNHEIM
                                                       United States District Judge